N THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                            Crim No.: 09-30026-DRH

WILLIAM MADISON,

    Defendant.

## ORDER

**HERNDON, Chief Judge:**

### A. Order for Detention

On April 7, 2009, Defendant Madison filed a motion for *De Novo* review of detention Order (Doc. 31). That same day, the Court set this matter for hearing (Doc. 33). Thereafter, on April 13, 2009, after conducting a de novo detention hearing pursuant to 18 U.S.C. § 3142(f) of the Bail Reform Act, the Court **ORDERS** Madison detained pursuant to 18 U.S.C. § 3142(e) and (i).

### B. Statement of Reasons for the Detention

The Court orders the defendant's detention because it finds:
\_\_ By a preponderance of the evidence that no condition or combination of conditions will will reasonably assure the appearance of the defendant as required.
X By clear and convincing evidence that no condition or combinations of conditions will reasonably assure the safety of any other person and the community.

### C. Findings of Fact

The Court's findings are based on the evidence which was presented in Court and that which was contained in the Pretrial Services Report, and includes the following:
X 1. Nature and circumstances of the offense charged:
    X a. The crime:

> **Count 3:**
> **Distribution of a Controlled Substance ("Crack" Cocaine) in violation of 21 U.S.C. § 841(a)(1).**

**Penalty:**
   Not less than 5 years and not more than 40 years imprisonment, a $2,000,000 fine, or both and at least 4 years supervised release.


   __ b. The offense is a crime of violence.
   __ c. The offense is a Federal Crime of terrorism.
   __ d. The offense involves a minor victim.
   __ e. The offense involves a narcotic drug.
   __ f. The offense involves a controlled substance, firearm, explosive or destructive device.
   X  g. The offense involves a large amount of controlled substance, to wit: 5 grams or more of "Crack" cocaine.

X  2. The weight of the evidence against the defendant is high.
X  3. The history and characteristics of the defendant including:
   a. General Factors:
      __ The defendant appears to have a mental condition which may affect whether the defendant will appear.
      __ The defendant has no family ties in the area.
      X  The defendant has no steady employment.
      X  The defendant has no substantial financial resources.
      __ The defendant is not a long-time resident of the community.
      __ The defendant does not have any significant community ties.
      __ Past conduct of the defendant: _____
      _____
      X  The defendant has a history relating to drug abuse
      __ The defendant has a history relating to alcohol abuse.
      X  The defendant has a significant prior criminal record.
      X  The defendant has a prior record of failure to appear at court proceedings.
   b. Whether the defendant was on probation, parole, or release by a court:
      At the time of the current arrest, the defendant was on:
      __ Probation
      __ Parole
      __ Release pending trial, sentence, appeal or completion of sentence.
   c. Other Factors:
      __ The defendant is an illegal alien and is subject to deportation.
      __ The defendant is a legal alien and will be subject to deportation if convicted.
      __ Other: _____
      _____
X  4. The nature and seriousness of the danger by the defendant's release are as follows:

**The Defendant previously failed to comply with the conditions of his supervised release while under federal supervision and had said supervision revoked.**

   5. Rebuttable Presumptions
The Court finds that Defendant is subject to and has not rebutted the rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Defendant as required and the safety of any other person and the community as set forth in **18 U.S.C. 3142(e)**. In determining that Defendant is subject to the rebuttable presumption(s) set forth in **18 U.S.C. § 3142(e)**, the Court finds:
   (A) Probable cause to believe that Defendant committed a controlled substance offense for which a maximum term of imprisonment of 10 years or more is
X prescribed under Titles 21 or 46; or
   (B) Probable cause to believe that Defendant committed an offense under **18 U.S.C. § 942(c)**; or


X (C) The Defendant is charged with
    (1) A Crime of violence; or
    (2) A crime for which the maximum penalty is either death or life imprisonment; or
    (3) A drug offense for which the maximum penalty is 10 years of
X imprisonment or more;
    (4) Any felony if the defendant has been convicted of two or more offenses described in subparagraphs (1) through (3) above (or the state or local equivalent or any combination of such offenses;
and the Defendant has a prior conviction of one of the crimes described in subparagraphs (1) through 3) above, and said conviction, or the release from imprisonment therefor, is less than five years old and was committed while the defendant was on pre-trial release.

    The Court, in finding that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance and the safety of any other person and the community, has considered and rejected alternatives. Among the alternatives considered, the Court has rejected house arrest and a daily reporting scheme. In rejecting these alternatives, the Court notes the gravity of the offense and the substantial penalties which may possibly be imposed.

**D. Additional Directives**

Pursuant to **18 U.S.C. § 3142(i)(2)-(4)**, the Court directs that:

    The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from

persons awaiting or serving sentences or being held in custody pending appeal; and

The defendant be afforded reasonable opportunity for private consultation with his counsel; and

That, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings.

IT IS SO ORDERED.

**DATED: April 13, 2009**

/s/      *David R Herndon*

**Chief Judge**
**United States District Court**